Good morning. May it please the Court, Counsel. My name is Leonard Berman, and I represent the plaintiff-appellant Sarah Jean Patterson in this matter. The sole issue before the Court of Appeals today is whether or not the District Court erred when it equated Release Officer Van Arsdel's actions seeking a warrant from Judge Tichenor after being denied an open court by Judge Stone as a decision to file, rather than the false actions of a complaining witness in granting him absolute prosecutorial immunity. There is no dispute as to whether Mr. Van Arsdel delivered the arrest warrant, although he doesn't remember it. However, seeking the second arrest warrant from Judge Tichenor after denial of the first by Judge Stone, absent a motion affidavit in order, basically constituted what the Cruz case, which the Court relied on, was stepping outside his role and into the role of a witness when he personally attested to the truth of the facts of the affidavit. How do you get around footnote 3 of the Cruz decision? I'm not understanding, Your Honor. Footnote 3 in Cruz is what the district judge relied on. Right. How do you get around that? Well, the issue here is, Your Honor, that as a — his decision to file was exhausted when he properly filed a motion affidavit in order for an arrest warrant before Judge Stone. When he went back door to Judge Tichenor's box or desk or what have you and submitted a blank search warrant for signature, that took him out of the role of a prosecutor exercising their — their decision to file or exercising their prosecutorial duties as entrusted to them by the State of Oregon. No reasonable prosecutor or State official would hire an attorney or, in this case, a prosecutor to go and do an end run for a motion affidavit in order for a search warrant when one judge denied it, and then he would go and take a blank search warrant to a friendly judge of his to have it signed to arrest the same person on the same facts absent anything. Well, I get that, and I'm no great fan of the application of the absolute immunity rule for prosecutorial behavior. We see a lot of bad prosecutorial behavior that's protected by that, so I have to say I don't start out as a great fan of his application from time to time. But the footnote 3 in Cruz says the decision to file is protected, and since it's absolute immunity applies, it can be in bad faith, it can be lying, it can be all kinds of terrible things, but nonetheless protected. So why isn't this a filing within the meaning of footnote 3? Because, Your Honor, footnote 3 implied that the release officer, Van Arsdale, followed the normal judicial course of a filing with a required motion, affidavit, and order that fully informs the court that's requested to sign the order and sign the warrant with the facts supporting the propriety of the search warrant. And that was done once. There is no case law to suggest that prosecutors or release officers may take multiple bites at the apple. The fact of the matter is, had he gone in open court to another judge and told the other judge, this was signed and denied, I have new facts or I have reason to believe it's wrong, will you sign another motion affidavit in order for search warrant, and the judge signed it and she was arrested, then he would be completely protected by fulfilling the proper role. Well, no, actually he would not, because hypothetically you just gave me he gave some testimony as a witness, and that is not protected by absolute immunity. Right. But we would argue that he gave testimony, the absence of his motion affidavit and order, the absence of any facts and presenting to a third party judge ex parte for him to sign is the equivalent of false testimony. The absence, the omission of the truth is the equivalent of false testimony. And for the judge to sign a arrest warrant for a civilian and a citizen, there must be some basis for him to have reason to believe that it is a valid and appropriate order, motion affidavit and order, and search warrant. And in this case, there is absolutely nothing presented to the judge except the blank search warrant which gets signed, which should never have been submitted to another judge, and was clearly done after the fact, after it was denied by Judge Stone. Let me give you a hint. I'm just reading footnote three. Prosecutor Soong is entitled to absolute immunity to file because the decision to file a bail revocation motion is a traditional prosecutorial function. Is there room to argue that the qualifier here is traditional prosecutorial function, and the behavior here was not in any way part of the traditional function? Correct, Your Honor. Thank you. Yes, that is not the traditional function and prosecutorial duty to take a matching search warrant without any motion affidavit or after it's been denied by one judge and backdoor present it to another judge ex parte, with the plaintiff in this case and the defendant in the criminal case having no opportunity to appear or answer or defend herself against this ultra vires end run around the traditional prosecutorial function, and a plaintiff would challenge the defendant in the court to find any case where there has been any prosecutor who has done this and has been upheld as doing an end run from an actual adversarial process in a hearing, but actually going and trying to get the result he wanted after denied by a jurist in his jurisdiction. So this was absent all jurisdiction when he presented this search warrant. And whether or not the Court wants evidence of bad faith or motivation, which the Court case doesn't require, we present evidence that Mr. Van Arsdale, his concern when notified about this was, I'm concerned that Judge Stone will think that I was doing something improper, not that he was arresting and incarcerating an innocent woman who was not supposed to be in custody. So therefore, he had some sense that he had the appearance of impropriety, and we would argue he had the actual act of impropriety, and the result resulted in a net loss of freedom to Ms. Patterson that was not the case. I'm not saying that this is a traditional prosecutorial function because the way in which it was performed was so outside the norms of what we would expect from someone doing that function. I'm understanding his question to be, isn't this more like things that we have found not to be, or that other courts have found not to be a traditional prosecutorial function, like parole revocation or something like that? That's the way I understood Judge Fletcher's question. It could be either way. So you can answer. Your Honor, I appreciate your opportunity to address that. I would argue that this is exactly what you're saying, Your Honor. This is analogous to my understanding of the case law is that prosecutorial immunity is so they have the freedom to make argument in open court and in theory to slander a defendant and not be fearful of retribution or any civil liability or any sanctions. However, this is the equivalent of a prosecutor goes onto the courthouse steps and slanders before the media and the public a defendant, something that he is not hired to do, and he has liability and no prosecutorial immunity because it is outraviaries, it's outside the court, it's ex parte, it's not with a judge, of course, but it is not part of his paid duties to do that. Neither is this any of his paid duties to go outside the court, outside the judge that ruled on this matter, and go to another courthouse or another courtroom and present another judge with a blank search warrant with no information to obtain the search warrant that he was unable to get through the normal channels of criminal prosecution. Okay. Why don't we hear from the other side, and you've saved about a minute and a half. Thank you, Your Honor. Good morning. May it please the court, counsel. My name is Cecil Runnish-Smith and I represent the defendant, James Van Arsdale. And Judge Fletcher and Judge Tiger, I'd like to go straight to that last question about whether there's a way to distinguish that footnote three in Cruz from what happened in this case as whether what happened in this case did not count as a traditional prosecutorial function. And Judge Fletcher, the way I understood your question was that Cruz states in that footnote that filing a motion to revoke bail is a traditional prosecutorial function. So that's something that this Court has already held and recognized, that to file a motion to revoke bail. Well, it's an oddly phrased footnote, and in a way, of course, it's dicta in the case. What it says is the decision to file a bail revocation motion is a traditional prosecutorial function. It doesn't say the filing. It says the decision to file. Now, I'm not sure that that's so carefully chosen by the Court that wrote that, that it does not also mean that the filing is a traditional, but it only says the decision. It does say that, but then it goes on to cite the Second Circuit in Pinot that notes that actions in connection, actions in connection with a bail application are best avoided. So that's the alleged facts. There is a bail revocation motion filed previously in front of a different judge that contains affidavit from Mr. Venn to Arsdale. That is, of course, not protected because it's got his own testimony. That's only qualified immunity, correct? So far we're on the first one that was denied. Right. And I'm just, I'm checking for the affidavit just to see. It's part of the form. That it was signed by him. And it's a form, and the affidavit says the date the release agreement was signed, the type of release it was, and the condition that was pertinent to the release agreement. So the first one that was filed, that's not an issue here. It's only qualified immunity because there's some testimonial evidence provided by Mr. Venn or Arsdale. I believe that is correct. Secondly, he now files just a piece of paper that's without any testimony by him. He apparently drops it off in the box or maybe even hands it to his wife, who's the judicial representative, to see if for the moment whether that's protected by absolute or qualified immunity. That's a pretty outrageous thing to do. If that is what occurred, if he, and that's what we're assuming for the purpose. That's the unchallenged allegation. Right. We're assuming that for the purposes of this motion, that that's what occurred. All we really know is that Judge Tichenor got a warrant and signed it. For our purposes, what we really know, quote, really know, is that he submitted this either through his wife, drop it off of a box. We do also know for purposes of this that his wife is the judicial assistant to the judge. This is highly irregular. Yes. How can that possibly be protected as if it were the filing of a bail revocation motion? It's just a piece of paper that's totally irregular. It's a piece of paper that contains no availments without the affidavit, if all we have is the warrant. I agree. It's highly irregular. It's outrageous. How can it even be a bail revocation motion when it's not properly filled out? Well, it's a bail revocation warrant that has been presented to the court. Whether the court made a mistake by filing that without having the accompanying motion and affidavit is another question and is also, I mean, the court's protected by judicial immunity on that. So what we have is the presentation of a warrant and the signing of a warrant, and was that outrageous? Was it outside the way we do things? I will agree it was, but that's what it was. And again, I don't think anyone is a huge fan of prosecutorial immunity when it's applied to these outrageous kinds of cases. Except prosecutors. Except prosecutors. But nevertheless, it does apply. One of the questions I think that came up in terms of does it count as traditional if they do it the wrong way, if they do it in this outrageous way, is that somehow outside the realm of traditional prosecutorial immunity, I can speak from personal experience before this court that there has been cases where you have prosecutors who proceed with a prosecution even after a grand jury has refused to issue a true bill. I think we would all agree that that's pretty outrageous, yet it was covered by prosecutorial immunity. To be honest, I really don't have much more to say on the issue besides what's in my brief. I'm happy to entertain this Court's questions, because I do understand that this is, this case is not quite like all the other bail revocation or affidavit cases that this Court has seen. Now, if the second application had been filled out properly, that is to say if Mr. Van Schaaf had submitted a confidentiality matter, he would not be protected. So the only way he's possibly protected, even on your argument, is that he didn't even fill out the form. Had he filled it out properly, he wouldn't be protected. Is that correct? Well, if he had presented to the Court the warrant and the motion, both of which under Supreme Court case law and this Court's case law are covered, and then he submitted an affidavit and there was nothing that was false in that affidavit, then I would argue that he is still protected. The problem with the affidavit cases is those were all affidavits that contained false information. But, of course, if he'd filled out the true information, he never would have got the warrant. Correct. That's quite sure. Even if the information stated in the application in your hypothetical were true, but he omitted to state that a similar application had already been denied, would that omission be the same thing as though he had actually made an affirmative false statement for these purposes? I'm not ready to concede that. But I think that that is an open question. And don't all these things go hand in hand with the duty of candor to the Court? Yes. But duty of candor to the Court is something for which he, the prosecutor or the release officer, can be disciplined in other forms. And that's the thing to keep in mind with all of these prosecutorial immunity cases, is with the truly outrageous actions, there are other forms of discipline that are available, but the Supreme Court determined that the prosecutorial function needs to be protected, even if that means preventing a plaintiff from recovering damages based on truly outrageous actions. Unless the Court has any other questions, I will rest on my brief. Okay. Thank you. Your Honor, I believe that you are on to the right line of questioning here. I believe the decision to file was extinguished when he went before the first Judge Stone, followed the proper channels in open court, a motion, affidavit and order for a search warrant. He was denied. And as the Court has acknowledged here, not telling the second judge, no legitimate judge that learns that another judge denied a motion is going to overturn or sign one, that vitiates that status for Mr. Van Arsdale here. If it was suspended and it was still an open question of this, the Court says, I'll take it under advisement, and it's hanging in abeyance, and then he goes to another judge before there's a ruling, and he presents a motion, affidavit and order, and he includes that this is pending before Judge Stone, will you please sign it, then there is no deceit, but the omission to reward a release officer, a defendant here, for not doing his job, for not filing an affidavit, by lying by omission to the Court and getting something signed that led to a draconian outcome of arrest and false incarceration, would be ultimately, I would say, quantum merriwit for bad actors. It would be, they would get a windfall and be allowed to omit things and say, well, I didn't actively deceive the Court, I just didn't give them all the information so they could make an informed decision of whether the arrest warrant was, should be signed, and had he done so, it would not have happened to Ms. Patterson. Okay. Thank both sides for your arguments. Patterson v. Van Arsdale, submitted for decision. Thank you, Your Honor.
judges: Fernandez, W. Fletcher, Tigar